# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3279 | **DATE** | 9/12/2002 |
| **CASE TITLE** | Webb et al vs. Local 73 et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 9/25/2002 at 9:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. Defendants' motions (Docs 7-1, 14-1, 16-1 and 19-1) to dismiss are granted. We grant the Union's motion to dismiss Counts I, II, III, and IV. We grant the County's motion to dismiss Counts II, III, and Count IV to the extent that Plaintiffs seek equitable relief and punitive damages. We also grant the Union's motion to dismiss all claims against Christine Boardman in her individual capacity and the County's motion to dismiss all claims against Eugene Moore in his individual capacity. We shall treat the claims against Christine Boardman and Eugene Moore in their official capacity as redundant claims against the County and Union. The County is granted leave to file additional briefing concerning Plaintiffs' claim for non-equitable relief and the class certification issue.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | SEP 1 3 2002 | |
| | Notified counsel by telephone. | | date docketed | 24 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA WEBB and SHARON COLLINS, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | |
| LOCAL 73, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO, CHRISTINE BOARDMAN, personally and in her official capacity as President of LOCAL 73; EUGENE MOORE, personally and in his official capacity as Recorder of Deeds of Cook County; and the COUNTY OF COOK, a body politic and corporate, | ) ) ) ) ) ) ) ) ) ) | 02 C 3279 |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on a motion to dismiss brought by Defendants Local 73, Service Employees International Union, AFL-CIO, and Christine Boardman ("Union") seeking to dismiss Counts I, II, III, and IV. This matter is also before the court on a motion to dismiss brought by Defendants County of Cook ("County") and Eugene Moore seeking to dismiss Counts II, III, and IV, and to deny Plaintiffs' request for punitive damages, and class certification. For the reasons set

forth below, we grant the Union's motion to dismiss Counts I, II, III, and IV. We grant the County's motion to dismiss Counts II, III, and part of Count IV. We grant the County's motion to dismiss claims to the extent they seek punitive damages against the County. We also grant the motions by Defendants to dismiss all claims against Eugene Moore and Christine Boardman in their individual capacities.

## BACKGROUND

Plaintiffs Cynthia Webb ("Webb") and Sharon Collins ("Collins") were hired by the Office of the Cook County Recorder of Deeds ("Recorder's Office") and the County of Cook as joint employers. Webb and Collins began working for the Recorder's Office in March of 2001 and the County terminated their employment on February 8, 2002. Defendant Local 73 merged with Local 46 of the SEIU in the late fall of 2000. Prior to the merger Local 46 entered into a collective bargaining agreement ("CBA") on behalf of a bargaining unit of employees of the Recorder's Office effective December 1, 1998 and expiring November 30, 2001. Plaintiffs' job title and job code, Clerk IV-0906, is included on a list within the CBA that delineates which positions are represented under the CBA.

Webb and Collins claim that during their employment with the County they were unlawfully denied vacation pay, holiday pay, and other benefits on the ground that they were "temporary employees." Plaintiffs allege that they were denied insurance

coverage for medical problems because they were unlawfully designated "temporary employees." Plaintiffs also claim that because they were unlawfully designated "temporary employees" they were denied an opportunity to apply for other job openings with the County and were denied the right to "bump" newer employees from entering the open positions. Webb and Collins claim that they were denied access to the open positions despite the fact that they were qualified and that Webb had received a highly satisfactory work performance review. Webb complained individually to the County about her "temporary employee" status and Plaintiffs both took part in a group grievance presented to the Union and County.

Plaintiffs brought a four count complaint. Count I alleges that the Union breached its duty of fair representation. Count II alleges that Defendants violated Plaintiffs' rights under the National Labor Relations Act. Count III alleges that there was a conspiracy between the County and the Union to deprive employees designated as "temporary employees" of their rights. Count IV alleges that Defendants violated Plaintiffs' First Amendment rights by conspiring to deny them open positions in order to make room for politically motivated hiring. Plaintiffs seek money damages, punitive damages, injunctive relief, and other relief. Plaintiffs also seek certification of two classes which share common interests with Plaintiffs. We note that in Plaintiffs' answers to Defendants' motions to dismiss Plaintiffs acknowledge that Counts I and II should be dismissed.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must construe the allegations of the complaint in the light most favorable to the plaintiff, and all well-pleaded facts and allegations in the complaint must be accepted as true. *Bontkowsi v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992) With these principles in mind, we turn to the instant motion.

## DISCUSSION

I. Conspiracy Claim

To properly allege a civil conspiracy a plaintiff must include facts in the complaint rather than mere conclusions. *Rose v. Mony Life Insurance Co.*, 2001 WL 214200, *5 (N.D. Ill. 2001). To establish a civil conspiracy a plaintiff must plead facts

establishing the following elements: (1) a combination of two or more persons; (2) for the purpose of accomplishing by some concerted action; (3) either an unlawful purpose or a lawful purpose by unlawful means. *Rose*, 2001 WL 213200 at *5 ; *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 894 (Ill. 1994). The facts alleged must indicate the role of each defendant in the conspiracy, *Cohabaco Cigar Co. v. United States Tobacco Co.*, 1998 WL 773696, *6 (N.D. Ill. 1998), and establish the existence of an agreement between the alleged conspirators to perform the alleged wrong. *Rose*, 2001 WL 214200 at *5; *Herion v. Village of Bensenville*, 2000 WL 1648937, *7 (N.D. Ill. 2000). As stated above the purpose of the conspiracy or the means by which the conspiracy is executed must be unlawful. Thus, a conspiracy claim cannot stand alone. In addition to the conspiracy there must also be alleged be some underlying wrong which is the unlawful objective or means of the conspiracy. *Servpro Industries, Inc. v. Schmidt*, 905 F.Supp. 470, 474 (N.D. Ill. 1995)(indicating that "an underlying wrong must exist for an action for conspiracy to exist."); *See also North American Plywood Corp. v. Oshkosh Trunk & Luggage Co.*, 263 F.2d 543, 545 (7th Cir. 1959)(stating that "a defective count in tort cannot be made effective merely by injecting into it a charge of conspiracy to commit the tortious acts alleged."). This Court has required that civil conspiracy be pled with particularity under Federal Rule of Civil Procedure 9(b). *Rose*, 2001 WL 214200 at *5; *Cohabaco Cigar Co.*, 1998 WL 773696 at *6.

In the instant case Plaintiffs have indicated the roles of Defendants in the alleged conspiracy. According to Plaintiffs the County designated Plaintiffs as "temporary employees" in order to deny them rights and benefits owed to non-temporary employees. The Union on the other hand, allegedly abided by the County "temporary employee" policy and used the designation as an excuse not to fight for Plaintiff's rights under the CBA.

The County argues that the conspiracy claim is deficient because Plaintiffs fail to allege an underlying wrong upon which the conspiracy is based. Plaintiffs have not alleged facts sufficient to show any violation of an Illinois statute or common law. Defendants are correct to point out that the "temporary employee statute" referred to by Plaintiffs in the complaint, 55 ILCS 5/3-12002 is nothing more than a definitions section for terms found in Division 3-12 of the Counties Code. Division 3-12 involves a merit employment system and a Personnel Policy Commission that can only be created in a county having a population of 350,000 or more but less than 1,000,000 inhabitants . . . ." 55 ILCS 5/3-12001.

Count III does not specifically refer to any underlying wrong for the conspiracy claim. Plaintiffs merely make references in Count III to Counts I and II which the Plaintiffs have acknowledged should be dismissed. The only federal statute referred to in the complaint is the National Labor Relations Act ("NLRA") which is included

in Count I. 29 U.S.C. § 159(a). Plaintiffs, however, do not dispute in their answer the County's assertion that jurisdiction would therefore be based on § 301 of the Labor Management Relations Act ("LMRA") and that as a "state or political subdivision " of the United states the County does not fall within the definition of an "employer" covered under the LMRA. *See* 29 U.S.C. §§ 152(2), 185(a); *See also Bailey v. Johnson*, 1990 WL 77508, *1-2 (N.D. Ill. 1990)(indicating that the Will County Sheriff's's Office was not an "employer" covered by the LMRA).

The only underlying wrong that can be gleaned from the complaint is the claim that Defendants prevented Plaintiffs from applying for open positions and denied Plaintiffs their rights to "bump" newer employees from those open positions in order to make room for politically motivated hiring. Thus, the only underlying wrong that can be found in the complaint is the allegation that Defendants conspired to violate Plaintiffs' rights under the First Amendment and 42 U.S.C. § 1983 by operating the political patronage scheme. Plaintiffs admit as much in their answers to Defendants when in their opening paragraph entitled "The Central Issue In This Court," they state: "the real crux here is that all of the defendants are involved in the carrying out of an unlawful, unconstitutional patronage employment scheme." Plaintiffs then indicate that other aspects of the case "are mere aspects of the scheme." We note however, that much of the Plaintiffs complaint involves facts that are not part of the alleged patronage

employment scheme. The alleged wrongful conduct of Defendants involving politically motivated hiring and Plaintiffs First Amendment rights was restricted to circumstances surrounding Plaintiffs' access to open County positions. The facts alleged in the complaint involving other harms to Plaintiffs such as lost wages, lost vacation benefits, and denial of medical insurance were not tied into the First Amendment argument and are therefore not relevant to this case as there is no underlying wrong by which they can be tied to a conspiracy claim. We cannot address those allegations under supplemental jurisdiction as Plaintiffs suggest because Plaintiffs have failed to plead a cause of action which incorporates those allegations. Thus, although Plaintiffs have alleged an underlying offense to support the conspiracy claim, many of the allegations listed in the complaint are superfluous.

The main problem with Plaintiffs' conspiracy claim is that they have not provided alleged facts to establish that there was any sort of agreement between the Defendants. As stated above, an agreement between the conspirators is essential to a conspiracy claim. Plaintiffs have not provided alleged facts to establish that there was any sort of agreement between the Defendants. Plaintiffs have alleged only that the County and the Union had knowledge of the "temporary employee" policy, that it was not in accordance with the CBA, and that the policy was part of a political patronage scheme. To establish that Defendants had such knowledge Plaintiffs claim: 1) they

made complaints to the County and Union concerning the "temporary employee" designation, 2) a Union representative reprimanded Collins for seeking positions not available to "temporary employees", and 3) a Union representative told Webb that she was not entitled to join the Union because she was a "temporary employee." Mere knowledge on the part of both Defendants, however, is not sufficient. Plaintiffs must do more that offer a conclusory accusation that Defendants have conspired against them. Even if the County did use the "temporary employee" designation to cheat employees of their rights it does not necessarily follow that the Union's refusal to protect Plaintiffs' rights under the CBA was part of an agreement with the County. Plaintiffs have failed to offer any alleged facts which if found to be true would show that the County and Union were acting in concert under an agreement. Therefore, the motions of both Defendants to dismiss Count III are granted.

II. First Amendment Claim and Remaining Issues

As Plaintiffs have moved to dismiss counts I and II and we have disposed of count III above, we are left only with Count IV to deal with. We note that count IV includes the term "conspiracy" within it, but as indicated above Plaintiffs have failed to sufficiently plead a conspiracy claim. Aside from the conspiracy language in Count IV, the Count alleges that Defendants violated Plaintiffs' rights under the First Amendment and Section 1983.

A. Whether Union was Acting Under Color of State Law

The Union argues that the Section 1983 claim against it should be dismissed because it was not acting under color of state law. Section 1983 states in part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory . . .subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action a law, suit in equity, or other proper proceeding for redress
> . . . .

Thus in order for a private entity such as the Union to violate Section 1983 it must have been acting under color of state law. 42 U.S.C. § 1983; *Leahy v. Bd. of Trustees of Community College District No. 508, County of Cook*, 912 F.2d 917, 921 (7th Cir. 1990). Generally a union is not a state actor, *Messman v. Helmke*, 133 F.3d 1042, 1044 (7th Cir. 1997), but, a private entity acts under the color of state law and therefore is subject to Section 1983 "when it is a willful participant in joint action with the State or its agents." *Leahy*, 912 F.2d at 921 (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). Thus, a plaintiff can plead a Section 1983 violation by alleging that a private entity conspired with the State to deny plaintiff his or her rights. *See, e.g. Tarpley v. Keistler*, 188 F.3d 788, 791 (7th Cir. 1999).

In this case Plaintiffs point to the alleged conspiracy between the County and Union to show that the Union was acting under the color of state law. However, to survive a motion to dismiss the plaintiffs' allegation of a conspiracy as part of a Section 1983 claim must include more than a "bare legal conclusion unsupported by any factual basis." *Leahy*, 912 F.2d at 922. In this case Plaintiffs have failed to show that the Union was a willful participant in a joint action with the County. Plaintiffs have stated nothing more than a bare legal conclusion, indicating that the County and Union conspired against them. Therefore, the Union was not acting under the color of state law and the Union's motion to dismiss Count IV is granted.

B. Whether Consent Decree Bars Claim

Defendants argue that a consent decree entered in *Shakman v. Democratic Org. of Cook Cty.*, 481 F.Supp 1315, 1356-59 (N.D. Ill. 1979) ("Shakman decree") bars Plaintiffs from asserting their claim under Count IV. The decree, which is still in effect, permanently enjoins the named public officials and their successors from "conditioning, basing or knowingly prejudicing or affecting any term or aspect of governmental employment, with respect to one who is at the time already a government employee, upon or because of any political reason or factor . . . ." *Plotkin v. Ryan*, 1999 WL 965718, *1 (N.D. Ill. 1999). A plaintiff whose claim falls within the scope of a consent decree cannot seek equitable relief outside of the consent decree. *Martin*

*v. Davies*, 917 F.2d 336, 339 (7th Cir. 1990); *Dye v. Sheahan*, 1995 WL 109318, *10, n. 3 (N.D. Ill. 1995). The proper method to challenge a consent decree is though a contempt action filed under the decree. *Id.*

Count IV, alleging that Plaintiff's were denied access to positions to provide openings for political hiring, falls within the scope of the Shakman decree. Plaintiffs argue that although they are barred by the consent decree from seeking equitable relief, they are not barred from seeking legal damages. Plaintiffs are correct, but they are in fact seeking equitable relief, namely an injunction ordering the County not to continue to violate the law in respect to the complaint. We therefore grant the County's motion to dismiss Count IV to extent that Plaintiffs seek equitable relief. In addition we grant the County leave to file additional briefing in regards to dismissing Plaintiffs' claim to the extent that Plaintiffs seek non-equitable relief.

C. Punitive Damages and Individual Capacity Claims

Defendants also seek to dismiss Plaintiffs' claim to the extent that Plaintiffs seek punitive damages. Generally a plaintiff cannot seek punitive damages against a government defendant under Section 1983. *See City of Newport v. Fact Concerts, Inc*, 453 U.S. 247, 271 (1981)(holding that as a general rule punitive damages cannot be obtained against a municipality); *Roscom v. City of Chicago*, 550 F.Supp. 153, 157 (N.D. Ill. 1982)(citing *City of Newport* when holding that the plaintiff could not

recover punitive damages against Cook County). Therefore, the County's motion to dismiss Plaintiffs' claim to the extent that Plaintiffs seek punitive damages against the County is granted.

Punitive damages may be available against public officials in certain instances, *Newport*, 453 U.S. at 269-270, but a suit against a public official in his or her official capacity is generally the same as a suit against the government entity that the official represents. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Hernandez v. O'Malley*, 98 F.3d 293, 296 (7th Cir. 1996); *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). Therefore we shall treat the claims against Eugene Moore and Christine Boardman in their official capacity as redundant claims against the County and Union.

The County also seeks to dismiss Plaintiffs' claim against Eugene Moore in his individual capacity. In order to bring a claim against a public official in his or her individual capacity, facts must be shown that the public official had "sufficient personal involvement." *Black v. Lane*, 22 F.3d 1395, 1401, n. 8 (7th Cir. 1994)(stating that for individual capacity claim against corrections institution administrator, plaintiff had to do more than allege that the administrator was in charge of the institution) ; *see also Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th. Cir. 1983)(stating that official cannot be individually liable "unless he caused or participated in an alleged

constitutional deprivation."). Although it is not necessary that the public official directly participate in the wrongful conduct, it is still necessary to show that the official was "directly responsible for the improper conduct." *McPhaul v. Board of Commissioners of Madison County*, 226 F.3d 558, 566 (7th Cir. 2000). A plaintiff must show that the official "act[ed] or fail[ed] to act with a deliberate or reckless disregard of plaintiff's constitutional rights, or [that] the conduct causing the constitutional deprivation occur[ed] at her direction or with her knowledge and consent." *Id.* at 566(quoting *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985)). In the instant case the Plaintiffs have not alleged sufficient personal involvement on the part of Eugene Moore. Plaintiffs entire claim against Moore is based on the fact that he is the Recorder of Deeds. Plaintiffs have not alleged that he had any personal involvement in designating Plaintiffs as "temporary employees" or organizing the alleged scheme to deny them their rights. Neither has Plaintiff alleged that Moore acted deliberately and recklessly disregarding the Plaintiffs' rights under the CBA, or that he had knowledge of and gave his consent to the alleged scheme to deny "temporary employees" their rights. Plaintiffs indicate in their answer to the County's motion that it would be "absurd not to assume" that a policy which ensures openings for political hiring could be implemented without the knowledge and consent of Moore. Plaintiffs bear the burden of pleading the essential elements of their claim and

they cannot rely on idle speculation to fill in the gaps. The motion to dismiss Plaintiffs' complaint against Eugene Moore in his individual capacity is granted.

Also, Plaintiffs have not alleged any personal involvement in the "temporary employees" scheme by Christine Boardman and therefore, for the same reasons listed above, all claims against Christine Boardman in her individual capacity are granted.

D. Whether Class Should be Certified

Plaintiffs define proposed Class I as employees in a position represented by the Union that were unlawfully designated "temporary employees" and as a result lost wages, and other benefits or were terminated. Plaintiffs also allege that common issues of law and fact amongst Class I include topics such as loss of wages and medical care. In light of the above analysis, the only remaining claim is against the County seeking non-equitable relief for violations of Plaintiffs' rights under the First Amendment and Section 1983. Therefore Plaintiffs' description of Class I and the common questions of law and fact consist mainly of assertions and issues that are no longer pertinent to this case. Because the motions to dismiss have touched on many aspects of the complaint and have materially altered the makeup this action, the parties arguments regarding class certification are no longer entirely applicable. We therefore will not rule today on the class certification issue. As stated above we grant defendants leave to file additional briefing regarding dismissing Plaintiffs claim to the extent it seeks

non-equitable relief. We now also grant the County leave to include in that brief argument concerning the denial of class certification.

## CONCLUSION

Based on the foregoing analysis, we grant the Union's motion to dismiss Counts I, II, III, and IV. We grant the County's motion to dismiss Counts II, III, and Count IV to the extent that Plaintiffs seek equitable relief and punitive damages. We also grant the Union's motion to dismiss all claims against Christine Boardman in her individual capacity and the County's motion to dismiss all claims against Eugene Moore in his individual capacity. We shall treat the claims against Christine Boardman and Eugene Moore in their official capacity as redundant claims against the County and Union. The County is granted leave to file additional briefing concerning Plaintiffs' claim for non-equitable relief and the class certification issue.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge, United States District Court

Dated:   September 12, 2002