## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3279 | **DATE** | 11/6/2002 |
| **CASE TITLE** | Webb et al vs. Local 73 et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 11/19/2002 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We deny the motion (Docs 26-1 & 26-2) for reconsideration in its entirety. We also grant Plaintiffs leave to reply to Defendant's certification answer brief.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 0 7 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 02 NOV -6 PM 2:18 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA WEBB and SHARON COLLINS, )
individually and on behalf of others similarly situated, )
)
Plaintiffs, )
)
vs. ) 02 C 3279
)
LOCAL 73, SERVICE EMPLOYEES )
INTERNATIONAL, AFL-CIO; CHRISTINE )
BOARDMAN, personally and in her official capacity as )
President of Local 73; EUGENE MOORE, personally )
and in his official capacity as Recorder of Deeds of )
Cook County; and THE COUNTY OF COOK, a body )
politic and corporate, )
)
Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on a motion for reconsideration brought by Plaintiffs Cynthia Webb and Sharon Collins. For the reasons set forth below, we deny the motion for reconsideration in its entirety.

### BACKGROUND

Plaintiffs Cynthia Webb ("Webb") and Sharon Collins ("Collins") were hired by the Office of the Cook County Recorder of Deeds ("Recorder's Office") and the

County of Cook as joint employers. Webb and Collins claim that the County unlawfully designated them as "temporary employees" in order to deprive them of their right to apply for open permanent positions and to "bump" employees with lower seniority from open positions. The "temporary employee" status was allegedly part of a scheme to allow the County to fill open permanent positions with politically motivated hirings. Plaintiffs also allege that the Union conspired with the County by refusing to uphold Plaintiffs' rights under the collective bargaining agreement which prohibited the unlawful designation of "temporary employees."

On September 12, 2002 we granted the Union's motion to dismiss Counts I, II, III, and IV and the County's motion to dismiss Counts II, III, and Count IV to the extent that Plaintiffs seek equitable relief and punitive damages. We also granted the Union's motion to dismiss all claims against Christine Boardman in her individual capacity and the County's motion to dismiss all claims against Eugene Moore in his individual capacity. We stated that we shall treat the claims against Christine Boardman and Eugene Moore in their official capacity as redundant claims against the County and Union and that the County is granted leave to file additional briefing concerning Plaintiffs' claim for non-equitable relief and the class certification issue.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Motions for reconsideration under Rule 59(e) are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir.1985). Such motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

## DISCUSSION

I. Conspiracy Claim

Plaintiffs argue that, according to *Walker v. Thompson*, all that must be alleged for a civil conspiracy claim is "the parties, general purpose, and approximate date, so

that the defendant has notice of what he is charged with." 288 F.3d 1005, 1007 (7th Cir. 2002). Plaintiffs thus claim that we were in error when we dismissed the conspiracy claims on the basis that Plaintiffs had not alleged an agreement between the Union and the County to support the conspiracy claim. However, for a civil conspiracy claim a plaintiff must still allege an agreement and merely failing to prevent the unlawful conduct of one party or assisting an unlawful actor does not necessarily constitute a conspiracy. *Tierney v. Vahle*, 304 F.3d 734, 739-40 (7th Cir. 2002). In *Tierney*, which was decided subsequent to *Walker*, the court provides further guidance in regards to the pleading requirements for civil conspiracy. In *Tierney* one of the defendants was a school swimming coach and also worked at a private swimming club. *Id.* at 736. The coach allegedly improperly touched the plaintiffs' daughter while giving her a massage. *Id.* The plaintiffs complained to the school district and claimed that there was retaliation against them for complaining. *Id.* One alleged instance of retaliation was a telephone call placed to plaintiffs in which an unknown male voice swore at them. *Id.* The call was traced to a phone at the home of Debbie Olson who was a teacher at the school district and whose husband was a swim club booster. *Id.* The court affirmed the dismissal of the conspiracy claim against the Olsons, noting that a "conspiracy is an agreement . . . .." The Court noted that, "even if the complaint alleged that the unknown male caller had asked [Debbie Olson's] permission to use the

phone and told her he wanted the permission to make a harassing call to [the plaintiffs] ... and that she had granted him permission, that would not state a claim of conspiracy, though it might make her an aider and abettor." *Id* at 739 (citations omitted). The court then noted that since no agreement was alleged in the complaint, the plaintiffs pled themselves out of court. *Id.* at 740. Thus there must be alleged an agreement to further the unlawful objective of the conspiracy.

In this case Plaintiffs allege only that the County actively schemed to deny Plaintiffs their rights and that the County did so "with the unlawful implicit or explicit consent of the union defendants . . . ." In Paragraph 27(a) of the amended complaint Plaintiffs allege that the Union knew that the County was unlawfully denying employees their rights "and did nothing about it." As stated above, in *Tierney* the court noted that, even if Debbie Olson knew of the purpose of the call and had not stopped the caller, she was not a conspirator. Similarly in this case there are only allegations that the Union knew of the unlawful conduct but failed to stop it. Thus, at most as in *Tierney*, the Union allegedly aided and abetted the County. There is no allegation in the complaint that there was an agreement to further the conspiracy and absent speculation, we cannot reasonably infer such an agreement from the pleadings. Therefore we deny the motion for reconsideration of the dismissal of the conspiracy claims.

II. Individual Capacity Claims

Plaintiffs also allege that we erred in dismissing the claims against the defendants Eugene Moore and Christine Boardman in their individual capacities. Plaintiffs claim that they have alleged sufficient personal involvement by the individual defendants. First of all, the County raised this precise issue in their memorandum in support of its motion to dismiss and thus we will not rehash old arguments already before us concerning Eugene Moore. Plaintiffs allege nothing more in their complaint than that Moore was the head of the Recorder's Office and that grievances were submitted to the personnel office of the Recorder's Office. Therefore, we deny the motion for reconsideration of the dismissal of the claim against Eugene More in his individual capacity.

Plaintiffs refer to Paragraph 27 of their complaint and argue that, since the complaint alleges that Boardman knew of the County's alleged unlawful conduct, she can be sued in her individual capacity. Paragraph 27(a) of Plaintiffs' amended complaint alleges that Christine Boardman "knew that Cook County and the Recorder's Office . . . were following the practice of unlawfully deeming employees 'temporary employees' and thereby denying them [their] rights. . .." Plaintiffs cite *Antonelli v. Sheehan*, 81 F.3d 1422 (7th Cir. 1996) and *Duncan v. Duncan v. Duckworth*, 644 F.2d 653 (7th Cir. 1981), for the proposition that conspiracy claims

against high officials should not be dismissed on the basis that there is no allegation of personal involvement by the official. However, both of those cases involved pro se plaintiffs and the courts noted that the pleadings would be held to a less stringent standard. Also, in *Antonelli* the court held that allegations of systemic violations in the corrections department against the Sheriff individually should not be dismissed. 81 F.3d at 1429. The court reasoned that since the Sheriff was in charge of the prison where the violations allegedly occurred he should be aware of at least systemic violations. *Id.*

In the case before us, Plaintiffs' amended complaint alleges systemic violations in the Recorder's Office and that Christine Boardman had knowledge of those violations in the Recorder's Office. However, unlike the Sheriff in *Antonelli*, Boardman is not in charge of the department where the alleged systemic violations occurred and therefore, we cannot simply infer her involvement as Plaintiffs suggest. Plaintiffs might argue that we could presume that Boardman had knowledge of the systemic decisions made by the Union, but, as said before, Plaintiffs have failed to sufficiently allege any claim against the Union. Therefore, we deny the motion for reconsideration of the dismissal of the individual claims against Christine Boardman.

III. Facts Tied to First Amendment Claim and Additional Certification Briefing

Plaintiffs also complain of our mentioning that the allegations of lost wages and other benefits were not tied to the First Amendment claim. This matter is of no consequence in terms of the ultimate outcome of this case and Plaintiffs will have ample opportunity to show that such facts are directly related to their claims. However, we do note that in their complaint Plaintiffs connect such losses of benefits to a violation of "Illinois statutory law," but never indicate what Illinois law is being violated. Also, even if the lost wages and other benefits are somehow related to Plaintiffs' First Amendment claims, the benefits which are predominantly at issue are the job bumping and bidding privileges which allegedly enabled the County to make political hirings.

In our opinion we requested further briefing on the issue of class certification because the argument made by Plaintiffs was tied to several of the claims that we dismissed. We thought it a more efficient approach to address the class certification issue after the dust had settled from our other rulings, and that such an approach would help to refine and clarify the arguments on the certification issue. We granted Defendants leave to respond to the class certification request. Plaintiffs have cited no authority to support their assertion that our ruling was erroneous. In fairness we will give Plaintiffs an opportunity to reply by brief to the arguments made in Defendant's answer on the certification issue.

IV. Punitive Damages

Plaintiffs claim that, since they have properly alleged claims against Eugene Moore and Christine Boardman in their individual capacities, punitive damages are proper. As stated above, Plaintiffs have not sufficiently alleged individual capacity claims and Plaintiffs have provided no legal support to show that punitive damages should be allowed.

V. Dismissal of Claims against Individual Defendants in their Official Capacity

Plaintiffs also complain that we dismissed the claims against Eugene Moore and Christine Boardman in their official capacities because they are redundant. Plaintiffs offer no legal authority to support their assertion and their only argument is based on the inclusion of the word "generally" in the pertinent rule of law. We deny the motion for reconsideration of the dismissal of the claims against Eugene Moore and Christine Boardman in their official capacities.

## CONCLUSION

Based on the foregoing, we deny the motion for reconsideration in its entirety. We also grant Plaintiffs leave to reply to Defendant's certification answer brief.

*Charles P. Kocoras*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: November 6, 2002