Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3279 | **DATE** | 3/12/2003 |
| **CASE TITLE** | Webb et al vs. Local 73 et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 4/1/2003 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** We deny the motion (Doc 35-1) to dismiss the First Amendment claim against the County and we deny plaintiffs' requests for class certification.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | | |
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | date docketed | 41 |
| ✓ | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| SCT | courtroom deputy's initials | | | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CYNTHIA WEBB and SHARON COLLINS, )
individually and on behalf of all others similarly )
situated, )
)
                        Plaintiffs, )
)
                vs. )    02 C 3279
)
LOCAL 73; SERVICE EMPLOYEES )
INTERNATIONAL UNION; AFL-CIO; CHRISTINE )
BOARDMAN, personally and in her official capacity as )
President of LOCAL 73; EUGENE MOORE, )
personally and in his official capacity as Recorder of )
Deeds of Cook County; and THE COUNTY OF )
COOK, a body politic and corporate, )
)
                        Defendants. )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

      This matter is before the court on Defendant County of Cook's motion to dismiss and on Plaintiffs' request for class certification. For the reasons stated below, we deny the motion to dismiss and deny the certification request.

### BACKGROUND

      Plaintiffs Cynthia Webb ("Webb") and Sharon Collins ("Collins") were hired by the Office of the Cook County Recorder of Deeds ("Recorder's Office") and the

County of Cook ("County") as joint employers. Webb and Collins began working for the Recorder's Office in March of 2001 and the County terminated their employment on February 8, 2002. Defendant Local 73 merged with Local 46 of the SEIU in the late fall of 2000. Prior to the merger Local 46 entered into a collective bargaining agreement ("CBA") on behalf of a bargaining unit of employees of the Recorder's Office effective December 1, 1998 and expiring November 30, 2001. Plaintiffs' job title and job code, Clerk IV-0906, is included on a list within the CBA that delineates which positions are represented under the CBA.

Webb and Collins claim that during their employment with the County they were unlawfully denied vacation pay, holiday pay, and other benefits on the ground that they were "temporary employees." Plaintiffs allege that they were denied insurance coverage for medical problems because they were unlawfully designated "temporary employees." Plaintiffs also claim that, because they were unlawfully designated "temporary employees", they were denied an opportunity to apply for other job openings with the County and were denied the right to "bump" newer employees from entering the open positions. Webb and Collins claim that they were denied access to the open positions despite the fact that they were qualified and that Webb had received a highly satisfactory work performance review. Webb complained individually to the

County about her "temporary employee" status and Plaintiffs both took part in a group grievance presented to the Union and County.

On September 12, 2002, we dismissed the majority of the claims in Plaintiffs' complaint. All that remains at issue in this case is Plaintiffs' First Amendment claim brought against the County. The County requests that we dismiss the First Amendment claim and deny Plaintiffs' requests for class certification.

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of a complaint. *Triad Associates, Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High*

*School*, 144 F.3d 448, 455 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

I. First Amendment Claim

The County claims that the First Amendment claim should be dismissed because the County had authority under the CBA to subcontract employees on a temporary basis. The main issue remaining in this case is not whether the County had authority to designate employees as temporary employees. Rather, the pertinent inquiry is whether that authority, valid or invalid, was misused to further a political patronage hiring scheme. The CBA cannot dictate whether or not Plaintiffs' First Amendment rights are violated by the County's actions. The County may wish to show that it had authority under the CBA to hire temporary employees in order to bolster its assertion that it hired and fired Plaintiffs and formed the temporary employee policies for legitimate operational reasons. However, such an evaluation of the evidence is not

appropriate for the motion now before us. Therefore, we deny the County's motion to dismiss the First Amendment claim.

## II. Class Certification

Plaintiffs ask us to certify two classes. A plaintiff must establish that the requirements of Federal Rule of Civil Procedure 23 are met in order to obtain class certification. Fed. R. Civ. P. 23. Rule 23(a) requires a showing of numerosity, commonality, typicality, and adequacy of representation. *Id.*; *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993). If the plaintiff fails to show that any of the requirements included in Rule 23(a) are met then class certification is prohibited. *Id.* Plaintiffs have not met their burden of showing that the four factors of Rule 23(a) are met in this case. The only mention of the Rule 23(a) requirements is in the complaint and the references to those requirements consist mainly of conclusory statements. Plaintiffs list four issues of law and fact common to members of proposed class number one, but all of the issues listed relate to other claims brought by Plaintiffs that were dismissed in our prior ruling. Plaintiffs have not shown that the typicality requirement is met in this case.

Also, in addition to Rule 23(a), one of the three alternative requirements in Rule 23(b) must be met in order for a plaintiff to obtain certification. Plaintiffs rely on Rule 23(b)(3), but we are not convinced that "questions of law or fact common to

members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). In accordance with our prior ruling, Plaintiffs cannot seek injunctive relief and are limited to compensatory relief which would vary according to the type and extent of wrongdoing involved in each plaintiff's case.

Plaintiffs oversimplify this case when they suggest that if we find that the County misused the temporary employee policy to adversely affect Plaintiffs' employment, and it did so in order to further the alleged patronage scheme, then the County will automatically be liable to every employee that was ever designated a temporary employee. That is not the case. For each potential plaintiff, inquiry will need to be made into the circumstances surrounding the plaintiff's employment to determine if the temporary employee policy was being used to deny them certain benefits in order to further the alleged patronage scheme. Some examples of factors that may need to be considered in each case are: the employee's work performance, the employee's qualifications, what was said to the employee, and who replaced the employee. Also, there are a variety of adverse employment actions that the proposed class members might have suffered under the temporary employee policy such as termination, exclusion from open positions, and denial of benefits. Plaintiffs did not

offer any argument in support of certification in their answer and instead suggest that we decide the certification issue at trial after the County is found to be liable. Therefore, Plaintiffs have not met their burden of showing that the requirements of Rule 23 are met and we do not think it would be appropriate to certify either of the proposed classes.

## CONCLUSION

Based on the foregoing analysis we deny the motion to dismiss the First Amendment claim against the County and we deny Plaintiffs' requests for class certification.

*[signature]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: MAR 12 2003